**GARY J. NELSON, CA Bar No. 184651**
gnelson@lewisroca.com
**ANNE WANG, CA Bar No. 151000**
awang@lewisroca.com
**DREW WILSON, CA Bar No. 283616**
dwilson@lewisroca.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
**655 N. Central Avenue, Suite 2300**
**Glendale, CA 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile: (626) 577-8800**

Attorneys for Plaintiff
BOBRICK WASHROOM EQUIPMENT, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBRICK WASHROOM EQUIPMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>YISHENG ZHANG, an individual;<br><br>Defendant. | Case No. 2:21-cv-05164<br><br>**COMPLAINT FOR:**<br>1. **FEDERAL TRADEMARK INFRINGEMENT;**<br>2. **FEDERAL UNFAIR COMPETITION;**<br>3. **UNFAIR COMPETITION UNDER CAL. BUS. CODE § 17200; and**<br>4. **DILUTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Bobrick Washroom Equipment, Inc. ("Bobrick" or "Plaintiff") by and through its attorneys, asserts this Complaint against Yisheng Zhang ("Defendant" or "Zhang") as set forth below.

113393385.1

## THE PARTIES

1. Plaintiff Bobrick Washroom Equipment, Inc. is a corporation organized under the laws of California with its principal place of business in North Hollywood, California.

2. On information and belief, Defendant Yisheng Zhang is an individual and resident of California with his primary residence in Glendora, California.

## JURISDICTION AND VENUE

3. This is an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1114 et seq., unfair competition and dilution under the Lanham Act, 15 U.S.C. § 1125 et seq., and California state statutory unfair competition under California Business and Professions Code § 17200 et seq.

4. This Court has jurisdiction over the subject matter of this lawsuit pursuant to, *inter alia*, 28 U.S.C. §§ 1331 and 1338(a). The state law claims in this action arise from the same common nucleus of operative facts and transactions, such that they form part of the same case or controversy and a plaintiff would ordinarily be expected to try them all in a single judicial proceeding. Accordingly, this Court has supplemental jurisdiction over Bobrick's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) as the Defendant is a resident of this judicial district. Venue is also proper in this judicial district under 28 U.S.C. § 1391(b)(2) as the Central District is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL BACKGROUND

### Bobrick's Ownership and Use of the KOALA KARE Marks

6. Bobrick is the owner of United States Trademark Registration No. 1,867,024 (the "'024 Registration") for KOALA BEAR KARE in

113393385.1

International Class 020 for infant care accessories; namely, diaper changing stations, wall-mounted child seats and combination infant seat/cradle. This registration has a registration date of December 13, 1994 and a first use in commerce of May 6, 1987. Attached as Exhibit A is a copy of the '024 Registration.

7. Bobrick is the owner of United States Trademark Registration No. 2,433,269 (the "'269 Registration") for KOALA BEAR KARE and Design in International Class 020 for "house mark for infant care accessories, namely, diaper changing stations, wall-mounted child seats, infant seats, highchairs, children's theater seats and booster chairs." This registration has a registration date of March 6, 2001 and a first use in commerce of May 6, 1987. Attached as Exhibit B is a copy of the '269 Registration.

8. The '269 Registration claims the KOALA BEAR CARE and Design mark as follows:



9. Bobrick is the owner of United States Trademark Registration No. 3,342,206 (the "'206 Registration") for KOALA KARE for "paper disposable diaper changing liners" in International Class 016 and for infant care accessories, namely, diaper changing stations, child booster seats, wall-mounted child seats, infant booster seats, infant cradles, highchairs, children's theater seats, booster chairs; combination infant seat/cradle in International Class 020. This registration

has a registration date of November 20, 2007 and a first use in commerce of April 2006. The mark is now incontestable. Attached as Exhibit C is a copy of the '206 Registration.

10. Bobrick is the owner of United States Trademark Registration No. 3,469,233 (the "'233 Registration") for KOALA KARE and Design for "paper disposable diaper changing liners" in International Class 016, and for "infant care accessories, namely, diaper changing stations, child booster seats, wall-mounted child seats, infant booster seats, infant cradles, highchairs, children's theater seats, booster chairs, combination infant seat/cradle" in International Class 020, and for "child safety restraint belts and child safety restrain harnesses" in International Class 026. This registration has a registration date of July 15, 2008 and a first use in commerce of May 31, 2006. The mark is now incontestable. Attached as Exhibit D is a copy of the '233 Registration.

11. The '233 registration claims the KOALA KARE and Design mark as follows:



12. The subject marks of the '024, '269, '206 and '233 Registrations are referred to herein as the KOALA KARE Marks

113393385.1

13.  The KOALA KARE Marks are the subject of extensive advertising by Bobrick.

14.  Products bearing the KOALA KARE Marks are available for use in dining, retail, and commercial establishments nationwide, including but not limited to major grocery stores, movie theater chains, event venues (convention centers, stadiums).

15.  The KOALA KARE Marks are strong marks that, through Bobrick's continuous use of the marks on diaper changing stations and other goods, have come to acquire significant secondary meaning and goodwill in the mind of the consuming public who associate the KOALA KARE Marks with Bobrick.

16.  The KOALA KARE Marks are "famous" marks within the meaning of the term as defined in the Federal Trademark Dilution Act 15 U.S.C. § 1125(c)(2)(A).

### Defendant's Infringing MAMA KOALA Marks

17.  On information and belief, Defendant has begun to manufacture, sell, offer for sale, advertise, and/or distribute infant cloth diapers and diaper accessories under both the MAMA KOALA wordmark and MAMA KOALA and Design Mark (collectively, the "Infringing Marks"):



**Infringing MAMA KOALA and Design Mark**

-5-

18. On information and belief, the above identified marks are advertised to the same class of consumers as goods sold by Bobrick under the KOALA KARE Marks.

19. On information and belief, the goods that Defendant offers in connection with the Infringing Marks are related to, and meant to be used in connection with the goods that Bobrick offers in connection with the KOALA KARE marks, particularly the diaper changing stations.

20. On information and belief, the Infringing Marks are advertised in the same marketing channels as goods sold by Bobrick under the KOALA KARE Marks.

21. On information and belief, the word KOALA is the dominant portion of the Infringing Marks.

22. On information and belief, the word KOALA is the dominant portion of the MAMA KOALA Marks.

23. On information and belief, the cartoon koala found in the MAMA KOALA and Design Mark is confusingly similar to the face of the cartoon koalas in the KOALA BEAR CARE and Design and KOALA KARE and Design Marks.

24. On information and belief, the pillow-like font of the MAMA KOALA and Design Mark is confusingly similar to the font of the KOALA BEAR CARE and Design and KOALA KARE and Design Marks.

25. The use of the mark MAMA KOALA wordmark by Defendant is likely to cause confusion as to the source, origin, sponsorship, and/or affiliation of Defendant's goods, on the one hand, and Bobrick's goods on the other hand.

26. The use of the mark MAMA KOALA and Design Mark by Defendant is likely to cause confusion as to the source, origin, sponsorship, and/or affiliation of Defendant's goods, on the one hand, and Bobrick's goods on the other hand.

113393385.1

27. On information and belief, Defendant has filed a trademark application, Serial No. 88/591,243 for the mark MAMA KOALA and Design (as shown above) in International Class 005 for "infant cloth diapers; inserts specifically adapted for cloth infant diapers made of cloth." The application was filed August 23, 2019, and claims a first use in commerce of January 10, 2016.

28. United States Application Serial No. 88/591,243 is currently the subject of United States Trademark Opposition No. 91,253,763 that was filed by Bobrick during the application's opposition period.

29. On information and belief, Defendant has filed a trademark application, Serial No. 90/081,766 for the mark MAMA KOALA in International Class 005 for "infant cloth diapers." The application was filed on July 29, 2020 and claims a first use in commerce of September 20, 2016. It has now issued as U.S. Trademark Registration No. 6,266,607 with a registration date of February 9, 2021.

## COUNT I

## (Trademark Infringement of a Registered Trademark
## Under the Lanham Act 15 U.S.C. § 1114)

30. Bobrick repeats and realleges the allegations of paragraphs 1 through 29 of the Complaint as if fully set forth here.

31. The above-cited acts by Defendant constitute infringement of a registered trademark in violation of 15 U.S.C. § 1114.

32. Bobrick has been damaged by Defendant's trademark infringement by reason of the likelihood that customers, potential customers, businesses, retailers, and vendors are likely to be confused as to the source or affiliation, sponsorship, or approval of products offered under the KOALA KARE Marks and Defendant's Infringing Marks.

33. By reason of Defendant's actions alleged herein, Bobrick has suffered and continues to suffer irreparable injury to its goodwill.

113393385.1

34. On information and belief, Defendant's acts of trademark infringement have been willful and taken without regard to the established rights of Bobrick.

## COUNT II

### (Unfair Competition Under the Lanham Act 15 U.S.C. § 1125)

35. Bobrick repeats and realleges the allegations of paragraphs 1 through 34 of the Complaint as if fully set forth here.

36. The above-cited acts by Defendant constitute unfair competition in violation of 15 U.S.C. § 1125.

37. Bobrick has been damaged by Defendant's unfair competition by reason of the likelihood that customers, potential customers, businesses, retailers, and vendors are likely to be confused as to the source or affiliation, sponsorship, or approval of Defendant's products that bear the Infringing Marks.

38. By reason of Defendant's actions alleged herein, Bobrick has suffered and continues to suffer irreparable injury to its goodwill.

39. On information and belief, Defendant's acts of unfair competition have been willful and taken without regard to the established rights of Bobrick.

## COUNT III

### (Unfair Competition Under Cal. Civ. Code § 17200 *et seq.*)

40. Bobrick repeats and realleges the allegations of paragraphs 1 through 39 of the Complaint as if fully set forth here.

41. The above-cited acts by Defendant constitute unfair competition in violation of California Civil Code § 17200.

42. Bobrick has been damaged by Defendant's unfair competition by reason of the likelihood that customers, potential customers, businesses, retailers, and vendors are likely to be confused as to the source or affiliation, sponsorship or approval of Defendant's products that bear the Infringing Marks.

113393385.1

43. By reason of Defendant's actions alleged herein, Bobrick has suffered and continues to suffer irreparable injury to its goodwill.

44. On information and belief, Defendant's acts of unfair competition have been willful and taken without regard to the established rights of Bobrick.

## COUNT IV

## (Dilution by Blurring Under The Lanham Act

## 15 U.S.C. § 1125(c)(2)(B))

45. Bobrick repeats and realleges the allegations of paragraphs 1 through 44 of the Complaint as if fully set forth here.

46. The above-cited acts by Defendant constitute dilution by blurring in violation of the Lanham Act, 15 U.S.C. § 1125(c)(2)(C).

47. Bobrick has been damaged by Defendant's dilution by blurring by reason that the similarity between the KOALA KARE Marks and the Infringing Marks impairs the distinctiveness of the KOALA KARE Marks.

48. By reason of Defendant's actions alleged herein, Bobrick has suffered and continues to suffer irreparable injury to its goodwill.

49. On information and belief, Defendant's acts of dilution by blurring have been willful and taken without regard to the established rights of Bobrick.

## PRAYER FOR RELIEF

WHEREFORE, Bobrick prays for:

1. A permanent injunction restraining Defendant, any companies or business that he owns, their officers, directors, agents, employees, representatives and all persons acting in concert with Defendant, from engaging in any further trademark infringement, unfair competition and dilution;

2. A monetary award for corrective advertising in an amount to rectify all the harm and damages to Bobrick, including, but not limited to, the confusion caused by willful actions of Defendant, including Defendant's willful trademark infringement of the KOALA KARE Marks;

113393385.1

3. Disgorgement of any profits Defendant enjoyed as a result of the infringement of the KOALA KARE Marks;

4. All damages sustained by Bobrick as a result of Defendant's infringement and unlawful actions;

5. Treble damages under the Lanham Act as a result of Defendant's willful trademark infringement and/or dilution by blurring;

6. Recovery of any gains, profits and advantages Defendant has obtained as a result of his unlawful actions;

7. An order to the United States Patent and Trademark Office to refuse registration of United States Trademark Application No. 88/591,243.

8. An order to the United States Patent and Trademark Office to cancel United States Trademark Registration No. 6,266,607.

9. An award to Bobrick of its costs in this action, including its reasonable attorneys' fees under at least 17 U.S.C. § 1117, and any other applicable authority; and

10. Such other and further relief as the Court deems proper.

Dated: June 24, 2021

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By /s/ Drew Wilson
Gary J. Nelson
Anne Wang
Drew Wilson

Attorneys for Plaintiff
BOBRICK WASHROOM EQUIPMENT, INC.

113393385.1

## JURY DEMAND

Bobrick demands a jury trial on all issues for which a jury trial is permitted.

Dated: June 24, 2021

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By /s/ Drew Wilson
Gary J. Nelson
Anne Wang
Drew Wilson

Attorneys for Plaintiff
BOBRICK WASHROOM EQUIPMENT, INC.

113393385.1